UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FLAG BOY PROPERTIES, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1900-WBV-DMD** |
| **ROY M. CARUBBA, ET AL.** | **SECTION: D (3)** |

## ORDER AND REASONS

Before the Court is a Motion to Remand to State Court, filed by Flag Boy Properties, LLC.[1] The Motion is unopposed.[2]

After considering the briefs submitted by the parties and the applicable law, for the reasons expressed below, the Motion is **GRANTED** and this matter is hereby **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

This case concerns a dispute regarding the ownership of a piece of immovable property located in New Orleans, Louisiana (the "Property").[3] On or about July 15, 2021, Flag Boy Properties, LLC ("Plaintiff") filed a Petition for Declaratory Relief and for Partition by Licitation in Louisiana state court against Crescent City Property Redevelopment, LLC ("CCPR"), Roy M. Carubba, Sharon Perilloux Carubba, La One Contractors, Inc., Jon D. Celino, and Kami Martin Celino, seeking, among other

---

[1] R. Doc. 6.
[2] On December 3, 2021, Crescent City Property Redevelopment, LLC and Crescent City Property Services, Inc. filed an Opposition to the Motion. R. Doc. 11. The Opposition brief, however, was subsequently withdrawn. *See*, R. Doc. 17.
[3] *See*, R. Doc. 1-1 at ¶ IV; R. Doc 1-5.

things, a judgment against the defendants confirming the conversion of Plaintiff's tax sale certificate, filed and recorded on May 25, 2018, to full ownership of 99% of the Property, declaring that Plaintiff's tax title has been quieted, and decreeing the Property to be partitioned by licitation.[4]

On or about August 13, 2021,[5] CCPR, as defendant and plaintiff in reconvention, and Crescent City Property Services, Inc., as intervenor (collectively referred to as "CCP") filed an Answer, Reconventional Demand, and Petition for Intervention in the state court case, asserting that it acquired an ownership interest in the Property via tax sale deed dated December 21, 2004 and is entitled to be declared the owner of the Property based upon 10-year acquisitive prescription under La. Civ. Code art. 3473, *et seq*.[6] CCP seeks a judgment confirming that it is the owner of the Property, as well as a judgment against Plaintiff, annulling the tax sales.[7]

On October 16, 2021, CCP filed a Notice of Removal in this Court, asserting that the Court has original jurisdiction under 28 U.S.C. § 1331, federal question jurisdiction, and requesting the Court to exercise its supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.[8] CCP contends that the Notice of Removal is timely under 28 U.S.C. § 1446(b)(3) because it "only became fully aware of all of the Constitutional issues after receiving the response to their public records request on September 19, 2021 . . . ."[9] Consequently, CCP argues that the 30-

---

[4] R. Doc. 1-1.
[5] *See*, R. Docs. 1-2, 1-3, 1-4 & 1-5.
[6] R. Doc. 1-5 at ¶¶ 34, 37.
[7] *Id*. at ¶¶ 46 & 51.
[8] R. Doc. 1 at pp. 2-3.
[9] R. Doc. 1 at p. 3.

day period for removing the case to federal court did not begin until September 19, 2021, and that their October 16, 2021 Notice of Removal is timely.[10]

On November 8, 2021, Plaintiff filed the instant Motion, asserting that this case should be remanded to state court because: (1) CCP waived their right to remove the case to federal court; (2) removal was untimely; (3) CCP failed to file the service returns of its co-defendants and failed to join all served co-defendants in the removal; and (4) removal was unreasonable.[11] Plaintiff also seeks an award of costs and reasonable attorney fees.[12] Among other things, Plaintiff asserts that removal was untimely because the deadline to file a notice of removal was August 23, 2021, thirty days after CCPR was served with the Petition on July 22, 2021.[13] Plaintiff also contests CCP's assertion that it was unable to remove the case within the 30-day deadline due to an alleged public records request received on September 19, 2021.[14] Plaintiff asserts that in its August 13, 2021 Answer, Reconventional Demand, and Petition for Intervention, CCP "refer[s] to the public records request that it already received, and that said public records request was the basis for asserting their Due Process claims."[15] As such, Plaintiff argues that removal on October 16, 2021 was untimely.[16]

---

[10] *Id.*
[11] R. Doc. 6 at p. 1.
[12] R. Doc. 6-1 at p. 4. The Court notes that counsel for Plaintiff withdrew its request for costs and attorney's fees during a telephone status conference held on December 3, 2021. *See,* R. Doc. 16.
[13] R. Doc. 6-1 at p. 3.
[14] *Id.* at p. 5.
[15] *Id.* (*citing* R. Doc. 1-5).
[16] R. Doc. 6-1 at p. 5.

On December 3, 2021, CCP filed an Opposition to the Motion asserting, among other things, that removal was timely because it was filed within 30 days of CCP discovering that the case was removable in light of the responses to its public records request.[17]

The Court subsequently held a telephone status conference on December 3, 2021, during which counsel for CCP advised that CCP would withdraw its Opposition brief and file a notice of no opposition to the Motion to Remand.[18] Later that same day, CCP filed a Consent Motion to Withdraw Opposition to Motion to Remand to State Court,[19] which the Court granted.[20]

## II. LAW AND ANALYSIS

A defendant may remove a case to federal court when federal jurisdiction exists and the removal procedure is properly followed.[21] The removing party has the burden of establishing that federal jurisdiction exists and that removal was proper.[22] Because the "removal statute should be strictly construed in favor of remand," any ambiguities are to be construed against removal.[23] The timeliness of removal is governed by 28 U.S.C. § 1446(b).[24] If the initial pleading sets forth a claim upon which removal is based, the defendants must file notice of removal within thirty days of receiving it.[25] If the initial pleading is not removable, however, "a notice of removal

---

[17] R. Doc. 11 at p. 2.
[18] R. Doc. 16.
[19] R. Doc. 12.
[20] R. Doc. 17.
[21] 28 U.S.C. § 1441.
[22] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[23] *Id.*
[24] *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013).
[25] 28 U.S.C. § 1446(b)(1).

may be filed within thirty days after receipt of the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[26]

Although unopposed, the Court finds that the Motion to Remand has merit and that removal was untimely. The evidence before the Court shows that CCP received a response to its public records request at least by August 13, 2021, the date of its Answer and Reconventional Demand, which specifically mentions "the response to public records request" of CCP.[27] According to CCP, it became "fully aware of all of the Constitutional issues" raised by Plaintiff's Petition after receiving the response to its public records request.[28] Under 28 U.S.C. § 1446(b)(3), CCP had thirty days from the date it received the response to its public records request to file a notice of removal. Even if CCP received the response to its public records request as late as August 13, 2021, CCP's Notice of Removal, filed on October 16, 2021, was clearly untimely under § 1446(b)(3). Thus, the matter is properly remanded to state court.

Additionally, because removal was untimely, the Court will not exercise supplemental jurisdiction over Plaintiff's additional state law claims pursuant to 28 U.S.C. § 1337.

---

[26] 28 U.S.C. § 1446(b)(3).
[27] R. Doc. 1-5 at ¶ 44.
[28] R. Doc. 1 at p. 3. *See*, R. Doc. 1-5 at ¶ 45 ("Due to lack of proper pre-sale notice the tax sales are null and void in violation of the United States and Louisiana Constitutions' guaranteed rights to Due Process and to Property under Article 1 Sections 2 and 4 of the Louisiana Constitution and the federal constitutional equivalents.").

### III.   CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motion to Remand[29] is **GRANTED.**   This matter is hereby **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, December 21, 2021.

**WENDY B. VITTER**
**United States District Judge**

---

[29] R. Doc. 6.